## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

NORMAN COBBINS                                          CIVIL ACTION

VERSUS                                                           NO.  06-4397

MARLIN GUSMAN, SHERIFF                              SECTION "N"(4)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.   Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

## I.      Factual Summary

The plaintiff, Norman Cobbins ("Cobbins"), was an inmate housed in the Allen Correctional Center in Kinder, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint.[1] On October 22, 2006, Cobbins notified the Court of his apparent release from prison and provided the Court with a new address and telephone number.[2]

---

[1]Rec. Doc. No. 1.

[2]Rec. Doc. No. 10.

Cobbins filed this suit pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, the Special Investigation Department, and other unidentified tier deputies. Cobbins seeks injunctive relief and to recover monetary damages for his alleged untimely evacuation from the Orleans Parish Prison system and for the unsafe conditions of confinement he endured which he claims to be a result of Sheriff Gusman's negligence at the time of Hurricane Katrina.

## II.   **Procedural Background**

On December 20, 2006, this Court issued an Order scheduling a hearing pursuant to *Spears v. McCotter*[3] for March 22, 2007.[4]  The Order was mailed to the plaintiff by the Clerk of Court at his address of record.  The envelope containing that Order has not been returned as undeliverable.

On March 22, 2007, the Court attempted to contact the plaintiff by telephone at the number he provided to the Court.[5]  However, the plaintiff failed to answer the telephone.  The Court made three attempts to no avail.[6]

On March 23, 2007, the Court issued a Call Docket Order directing the plaintiff to show cause on or before May 30, 2007, why his claims against the defendants should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).[7]  This order was mailed to the plaintiff by the Clerk

---

[3]766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims.  *Spears*, 766 F.2d at 180.  The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991).

[4]Rec. Doc. No. 11.

[5]Rec. Doc. No. 12.

[6]The Court made a tape recording of the final attempt to reach the plaintiff.  The cassette tape is in the custody of the Court Recoding Unit.  Rec. Doc. No. 12.

[7]Rec. Doc. No. 13.

of Court and the envelope has not been returned as undeliverable.  The plaintiff has failed to comply with this order or otherwise contact the Court.

## III.   **Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  *See* Fed. R. Civ. P 41(b).  A Rule 41(b) dismissal is considered an adjudication on the merits.  *Id.*  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).  In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

The Clerk of Court sent copies of the Court's prior orders to Cobbins at the address he provided.  Cobbins was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page sixteen of his Complaint, where he signed the Plaintiff's Declaration on August 8, 2006.  The Uniform Louisiana Local Rules applicable to this Court also require that a *pro se* plaintiff provide the Court with a current address or face dismissal of the case.  *See* L.R. 41.3.1E.

Cobbins has not notified the Court of a change of address, change of telephone number or any other means of contacting him.  He also has failed to make himself available for the scheduled *Spears* Hearing and has failed to reply to the Court's Call Docket Order.  Accordingly, dismissal of Cobbins's § 1983 complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

**IV.**     **Recommendation**

It is therefore **RECOMMENDED** that Cobbins's Title 42 U.S.C. § 1983 complaint be

**DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation **within ten (10) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th

Cir. 1996).

New Orleans, Louisiana, this _____27th_____ day of _____June_____, 2007.


_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**